JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Satish Emrit, <br><br> PLAINTIFF(S) <br><br> v. <br><br> The Grammys Awards, <br><br> DEFENDANT(S) | CASE NUMBER <br><br> 2:23-cv-09136-PA-E <br><br> ORDER ON REQUEST TO PROCEED <br> *IN FORMA PAUPERIS* <br> (NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:



If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| November 01, 2023 | /s/ *signature* |
| Date | United States District Judge |

On August 15, 2023, Plaintiff filed a Complaint and Motion for Leave to Proceed In Forma Pauperis.  (ECF Nos. 1, 3.)  On November 1, 2023, the action was transferred to this Court.  (ECF No. 11.)

Plaintiff alleges that Defendant is a racist organization that has given awards to several "sick" people, that Defendant wrongfully terminated Plaintiff's membership in 2010, and that Plaintiff was not allowed to rejoin the organization and attend a show despite having a Ukrainian fiancee and being a Presidential candidate in 2016 and 2020.  (ECF No. 1 at 2-5.)  As the basis for federal-question jurisdiction, Plaintiff cites the Civil Rights Act of 1964.  (ECF No. 1 at 7.)  He seeks 45 million dollars in damages.  (ECF No. 1 at 1.)  He has a history of filing "over two hundred civil cases and appeals in the federal court system."  Emrit v. Devos, 2021 WL 913646, at *2 (S.D. Cal. Mar. 10, 2021).

The Court has reviewed the Complaint for whether it is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  For the following reasons, this action is frivolous and fails to state a claim.

First, the action is frivolous because this Court dismissed a prior action by Plaintiff raising these same allegations, in Case No. 2:23-cv-08593-PA-E.  Moreover, at least other three district courts have dismissed complaints without leave to amend in which Plaintiff raised these same allegations.  See Emrit v. Grammy Awards on CBS, 2023 WL 6847698, at *3-*4 (E.D. Wis. Oct. 17, 2023); Emrit v. The Grammy Awards on CBS, 2023 WL 6577793, at *3-*4 (N.D. N.Y. Oct. 6, 2023); Emrit v. Grammy Awards on CBS, 2023 WL 6545417, at *2-*3 (E.D. N.C. Sept. 15, 2023).  Dismissal is warranted for this reason alone.  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that previous dismissals of the same allegations by different judges was an independent ground for dismissal of the latest complaint); 28 U.S.C. § 1915(e)(2)(B)(i).

Second, the Complaint fails to state a claim on which relief may be granted because it fails to state a right of action under federal law.  Parra v. PacifiCare of Arizona, Inc., 715 F.3d 1146, 1151 (9th Cir. 2013).  As other district courts have repeatedly explained, Plaintiff has failed to allege any cognizable federal claim of discrimination merely because he was not allowed to rejoin the organization and attend a show.  See Emrit, 2023 WL 6847698, at *3; Emrit, 2023 WL 6577793, at *3-*4.  Thus, the Complaint also fails to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, leave to amend is not warranted.  "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."  Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).  Moreover, "Plaintiff['s] legal theories fail. . . . Further amendment would simply be a futile exercise."  Parents for Privacy v. Barr, 949 F.3d 1210, 1239 (9th Cir. 2020).  Because amendment would be futile, the Complaint is dismissed without leave to amend, and the action is dismissed with prejudice.